## INDUSTRIAL COMM v HARKRADER

Ohio Appeals, 1st Dist, Hamilton Co

No 4963.   Decided Nov 25, 1935

John W. Bricker, Columbus, R. R. Zurmehly, Columbus, and Stewart S. Cooper, Cincinnati, for plaintiff in error.

Shook, Davies, Hoover & Beall, Cincinnati, for defendant in error.

State ex, 130 Oh St, 175 (Ohio Bar, November 11, 1935), and cases cited.

The judgment will be reversed and judgment entered here in favor of the plaintiff in error, The Industrial Commission of Ohio.

ROSS, PJ, and MATTHEWS, J, concur.

## INDUSTRIAL COMM v THORMAN et

Ohio Appeals, 2nd Dist, Greene Co

No 411.   Decided Nov 21, 1935

## OPINION

By HAMILTON, J.

The plaintiff in error claims as a matter of law that the injury was not the result of a hazard of claimant's employment. The facts as above stated present the question.

If the claimant had not reached the zone of her employment when the accident occurred, we are unable to see how her return to get a kettle for use in her place of employment is a hazard of the employment. It is argued that the fact that she had started to her place of employment and returned for an article to be used in her place of employment would remove the proposition that the employe may not participate in the Industrial Commission fund, when injured on the way to her employment. If this should be so decided, then in every case where an employe started to work, and, after starting returned for some article that he could use at his place of employment and was injured, the rule that an employe may not participate in the fund when injured on the way to the place of employment would be easily circumvented.

Our conclusion is, that the steps at the claimant's home did not constitute a hazard of her employment, and that the return for a kettle to be used at her place of employment does not make it so. Consequently, the injury does not arise out of the employment.

We are of opinion that this conclusion is supported by the case of **Highway Oil Co. v**