## OUTLAND v INDUSTRIAL COMMISSION

Ohio Appeals, 3rd Dist, Logan Co

No 845.   Decided July 3, 1937

C. W. Schwemer, Kenton, E. B. Wetherill, Kenton, and J. J. McGee, Bellefontaine, for appellee.

Herbert S. Duffy, Columbus, E. B. Carlin, Columbus, and J. Ewing Smith, Bellefontaine, for appellant.

## OPINION

By GUERNSEY, PJ.

Omar Outland, for whose death compention is claimed. was employed by H. G. Short & Company of Bellefontaine, a contributor to the workmen's compensation fund, as an automobile salesman. Under his employment he was to solicit orders for and sell automobiles within the territorial limits of Logan County, Ohio. The office and garage of his employer was situated in the city of Bellefontaine in said county, and he resided on the second floor of a building across the street from the garage and office of his employer.

The evidence tends to show that on December 24, 1934, while the said Omar Outland was on his way from the garage and office of his employer to his place of residence on the second floor of the dwelling house in which he resided, to secure keys to his employer's garage, a prospect book and other supplies for his use in interviewing prospects for cars and making sales of same, he fell on the stairway leading from the first floor to the second floor of the building occupied by him as a residence, causing injuries from which he died.

On trial in the Common Pleas Court a verdict was returned in favor of the plaintiff and judgment was entered on the verdict and this appeal on questions of law is taken from such judgment.

It appears from the record that at the close of plaintiff's evidence as well as at the close of all the evidence, a motion for a directed verdict in its favor was made by the defendant.

It is contended by the appellant that the injury resulting in the death of Outland, as shown by the evidence did not occur "in the course of his employment" as used in the constitution and statutes relating to workmen's compensation and consequently plaintiff is not entitled to participate in the workmen's compensation fund, and the judgment in favor of plaintiff is for this reason contrary to law.

To entitle an employee to an award of compensation under the Workmen's Compensation Act it must appear ▮▮▮▮▮▮ ▮ that his injury was accidental and occurred not only in the course of, but resulted from or arose out of, the employment. A causal connection between the employment and the injury must be established. **Highway Oil Company v State ex Bricker, Attorney General, 130 Oh St 175. Industrial Commission v Banks, 127 Oh St 517.**

The phrase "in the course of employment" as used in the constitution and statutes refers only to an injury which is the result of or arises out of the employment. No injury having its cause outside of and disconnected with the employment is contemplated even though the employe at the time may be engaged in the work of his employer in the usual way. And it is essential for a claimant to esablish that the employment had a causal connection with the injury, either through its activities, its conditions or its environment. See cases cited, **130 Oh St 178.**

In the opinion in the case at **130 Oh St 175,** supra, Judge Zimmerman quotes with approval a statement found in McNicol's case, **215 Mass. 497, 102 NE 697, L.R.A. 1916A 306,** to-wit:

"An injury is received 'in the course of' the employment when it comes while the workman is doing the duty which he is employed to perform. It 'arises out of' the employment, when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

In the case of **Industrial Commission of Ohio v Ginter, 128 Oh St 129,** it is held:

"Injuries sustained by a teacher in the public schools while traveling from her home to the school building where she performed her duties as an instructor are not compensable from the workmen's compensation fund, notwithstanding such teacher

136

did some work in her own home preparatory to or connected with the performance of her duties in the school room."

In the opinion in this case at page 133 it is stated:

"Let us again apply the test of hazard of employment, and inquire whether the injury was sustained in the course of or arose out of the employment. It is not contended, and cannot be, that the decedent sustained any injury as a result of any risk or hazard of the employment itself, or that the fatal injury was occasioned in the course of or arose out of the employment. It was not caused by any equipment, tools or material in any wise connected with her employment, and the employment had no causal connection with the injury either through its activities. its conditions or its environments. In this respect this case differs from cases cited and relied upon by defendant in error. If there can be a recovery under the facts in this record, then there could be a recovery in the case of any clerk, stenographer, bookkeeper, or of any other employe employed in an office, bank, store, factory, or other place of employment, who carried home any books, papers, statements, etc., for any purpose at all connected with the duties, and sustained an injury while absent from the place of employment and while engaged in some act not in any wise connected with the duties of the employment."

In this case the decision in the case of **Inglish v Industrial Commission, 125 Oh St 494,** is overruled.

In the Inglish case it was held:

"Where a school teacher, after school hours, while traveling by the usual, direct and necessary route from his school to his home, carrying examination papers, which he was expected by his county superintendent to grade at his home, such being the general practice, there being no opportunity nor facilities to perform such work at the school house, was struck and killed by an automobile, such accident arose out of and in the course of decedent's employment."

It is therefore the settled law of Ohio that it is essential for a claimant under the workmen's compensation ▇▇▇▇▇▇ law to establish that the injury for which compensation is sought occurred not only in the course of but resulted from or arose out of the employment or in other words, that the employment had a causal connection with the injury either through its activities, its conditions or its environment. It is further settled that injuries sustained by a workman in transporting sup- ▇▇▇▇▇▇ plies necessary for his work, to or from his home to the place of his employment do not result from or arise out of the employment. And by reason and analogy such rule applies to the instant case where the workman at the time of his injuries was at his own home engaged in the securing of sup- ▇▇▇▇▇▇ plies for his employment. Such injury comes within the classes of injuries which cannot fairly be traced to the employment as a contributing proximate cause and which come from a hazard to which the workman would have been equally exposed apart from the employment. See also, **Industrial Commission v Harkrider, 52 Oh Ap 76, (20 Abs 552).**

The judgment of the Common Pleas Court in favor of the plaintiff is therefore contrary to law in that it is not sustained by any evidence, and will for this reason be reversed, and the defendant having made motions for the direction of a verdict in its favor, both at the close of the plaintiff's evidence and at the close of all the evidence, this court rendering the judgment the trial court should have rendered on such motions. will enter final judgment in favor of appellant at costs of appellee.

CROW, J. concurs.
KLINGER, J, dissents.