## SNIDER v INDUSTRIAL COMMISSION

Ohio Appeals, 3rd Dist, Defiance Co

No 101. Decided Jan 5, 1938

H. B. Mullholand, Defiance, for plaintiff-appellee.

Herbert S. Duffey, Columbus, and Eugene Carlin, Columbus, John Rosseti, for defendant-appellant.

## OPINION

By GUERNSEY, PJ.

W. A. Snider, the claimant for compensation for injuries, was employed by The Defiance Printing & Engraving Company of Defiance, Ohio, a contributor to the workmen's compensation fund. His principal duty under such employment was that of a bookkeeper for said company, and in addition to such duty he would get the mail from the post office and frequently take the mail over to the post office, make collections, solicit work, take proofs to customers for their scrutiny and okey or rejection, and make deliveries of the finished product of the company if they were not too heavy for him to carry. The duties performed by him in addition to bookkeeping were incidental and without any specific orders and his work in that connection was that of a free lance. His residence was located at No. 516 North

Clinton Street, some distance from the plant of the company where he performed his duties as bookkeeper. The shop at which he was employed worked eight hours. Snider ordinarily quit at noon at eleven-thirty, and in the evening part of the time at four-thirty and part of the time at five o'clock. He would often make delivereies and solicit business on his way home to lunch and after lunch in returning to the plant. He had worked for the company, at the time the injuries hereinafter mentioned occurred, for a period of about seventeen years.

On August 14, 1936, Snider, after his lunch, went to his garage located on the premises occupied by him, for the purpose as stated by him of going to McClain's grocery which was located between the plant of the company and his home, for the purpose of soliciting an order for duplicate counter books or sale books manufactured by the company; that he started his automobile and it happened to be in reverse and he did not notice that part of it and backed out of the garage into a tree; that he did not know definitely just how it happened but he imagines his foot caught between the running-board and the tree and the limb was broken. This is the injury for which he seeks compensation.

As above stated Snider was the owner of the car and the injury occured on his own premises. He used the car at different times in going to and from his work and in soliciting orders for the company and performing other duties in connection with his employment. He was paid at the rate of twenty dollars per week for his services. The company paid no part of the upkeep of the car or for gas or oil used in its operation and it was wholly optional with Snider whether he used the car for the purposes mentioned or not.

No specific order had been given him by the company to call at the grocery mentioned on the day mentioned. He was in the habit of soliciting business or transacting some business for his employer, while on his way to or from lunch, probably three times a week. The accident occurred at about one o'clock P. M. The company was aware that he sometimes used his automobile, in soliciting business for them. He usually returned to the plant of the company about twelve-thirty P. M., sometimes before and sometimes a little later. He used his automobile three or four times a week in going to and returning from work. The company made him

no allowance for mileage for the use of his automobile.

On the trial of the case in the Common Pleas Court verdict was returned in favor of the plaintiff and judgment was entered on the verdict and this appeal on questions of law is taken from the judgment.

It appears from the record that at the close of plaintiff's evidence a motion for directed verdict in its favor was made by the defendant, The Industrial Commission of Ohio, which was overruled. The defendant then rested its case without offering any evidence.

It is contended by the appellant Industrial Commission that the injury sustained by the claimant W. A. Snider as shown by the evidence did not occur "in the course of his employment" as used in the constitution and statutes relating to workmen's compensation and consequently plaintiff is not entitled to participate in the workmen's compensation fund and the judgment in favor of the plaintiff is for this reason contrary to law and that the court erred in overruling the motion of the defendant for a directed verdict in its favor.

To entitle an employee to an award of compensation under the Workmen's Compensation Act it must appear that his injury was accidental and occurred not only in the course, of but resulted from or arose out of, the employment. A causal connection between the employment and the injury must be established. **Highway Oil Company v State ex rel Bricker, Attorney General, 130 Oh St 175. Industrial Commission v Banks, 127 Oh St 517.**

The phrase "in the course of employment" as used in the constitution and statutes refers only to an injury which is the result of or arises out of the employment. No injury having its cause outside of and disconnected with the employment is contemplated even though the employee at the time may be engaged in the work of his employer in the usual way. And it is essential for a claimant to establish that the employment had a causal connection with the injury, either through its activities, its conditions or its environment. See cases cited, **130 Oh St 178.**

In the opinion in the case at **130 Oh St 175, supra,** Judge Zimmerman quotes with approval a statement found in McNicol's case, 215 Mass. 497, 102 N. E. 697, L.R.A. 1916A, 306, to wit:

"An injury is received 'in the course of' the employment when it comes while the workman is doing the duty which he is employed to perform. It 'arises out of' the employment, when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

In the case of **Industrail Commission of Ohio v Ginter, 128 Oh St 129,** it is held:

"Injuries sustained by a teacher in the public schools while traveling from her home to the school building where she performed her duties as an instructor are not compensable from the workmen's compensation fund, notwithstanding such teacher did some work in her own home preparatory to or connected with the performance of her duties in the school room."

In the opinion in this case at page 133 it is stated:

"Let us again apply the test of hazard of employment, and inquire whether the injury was sustained in the course of or arose out of the employment. It is not contended, and cannot be, that the decedent sustained any injury as a result of any risk or hazard of the employment itself, or that the fatal injury was occasioned in the course of or arose out of the employment. It was not caused by any equipment, tools or material in any wise connected with her employment, and the employment had no causal connection with the injury either through its activities, its conditions or its environments. In this re-

spect this case differs from cases cited and relied upon by defendant in error. If there can be a recovery under the facts in this record, then there could be a recovery in the case of any clerk, stenographer, bookkeeper or of any other employe employed in an office, bank, store, factory, or other place of employment, who carried home any books, papers, statements, etc., for any purpose at all connected with the duties, and sustained an injury while absent from the place of employment and while engaged in some act not in any wise connected with the duties of the employment."

In this case the decision in the case of Inglish v Industrial Commission, 125 Oh St 494, is overruled.

In the Inglish case it was held:
"Where a school teacher, after school hours, while traveling by the usual, direct and necessary route from his school to his home, carrying examination papers, which he was expected by his county superintendent to grade at his home, such being the general practice, there being no opportunity nor facilities to perform such work at the school house, was struck and killed by an automobile, such accident arose out of and in the course of defendant's employment."

It is therefore the settled law of Ohio that it is essential for a claimant under the workmen's compensation law to establish that the injury for which compensation is sought occurred not only in the course of but resulted from or arose out of the employment, or in other words, that the employment had a causal connection with the injury either through its activities, its conditions or its environment.

Applying the rules above mentioned, to the facts in the case at bar it is obvious that the plaintiff Snider in the operation of his own automobile on his own premises at the time of his injury was acting on his own account for his own benefit, apart from his employment, in the matter of transporting himself to his regular place of employment, and although he had determined to stop on his way to his regular place of employment to solicit business for his employer, he had, up to and at the time of his injury, performed no act referable to or connected with his employment as distinguished from his activities apart from his employment; and the injuries sustained by him come within the classes of injuries which cannot fairly be traced to the employment as a contributing proximate cause, and are therefore noncompensable. See also, Industrial Commission v Harkrider, 52 Oh Ap 76, 20 Abs 552.

The judgment of the common pleas court in favor of the plaintiff is therefore contrary to law in that it is not sustained by any evidence and will for this reason be reversed; and the defendant having moved for the direction of a verdict in its favor at the close of all the evidence, this court rendering the judgment the trial court should have rendered on such motion, will enter final judgment in favor of appellant at costs of appellee.

CROWE and KLINGER, JJ, concur.