MONJAR, APPELLANT, *v.* MAYFIELD, ADMR., ET AL., APPELLEES.

(No. CA86-09-058 — Decided February 23, 1987.)

*R. James Kemper,* for appellant.
*Anthony J. Celebrezze, Jr.,* attorney general; *Kenneth B. Baylen* and *George B. Wilkinson,* for appellees.

*Per Curiam.* This cause came to be heard upon an appeal from the Court of Common Pleas of Clermont County.

Appellant, Gladys L. Monjar, appeals the denial of her application for workers' compensation benefits by appellee Industrial Commission of Ohio. Monjar was employed by appellee Red Carpet Janitorial Services ("Red Carpet"), which was amenable to the workers' compensation insurance system. Appellant's job involved the after-hours cleaning of three banks in Clermont County. On April 14, 1983, appellant was driving to the first of these banks when her automobile was struck from behind. Appellant suffered injuries to her head, neck, shoulders and back. As a result, appellant applied for workers' compensation benefits. Ap-

pellant's application was denied by the Industrial Commission. Appellant appealed the denial to the Court of Common Pleas of Clermont County. On May 30, 1986, appellees jointly moved for summary judgment, alleging that appellant was not entitled to benefits since she was injured while on her way to work and the injury was not caused by or connected with her employment. Appellant responded by claiming that at the time of the accident, she was performing a special service or errand for her employer and was therefore entitled to benefits. The evidence consisted of appellant's affidavit, her deposition and her answers to Red Carpet's interrogatories.

On July 11, 1986, the common pleas court granted summary judgment in favor of appellees. A judgment entry was entered of record and appellant has timely appealed, presenting a single assignment of error which claims that the lower court erred in granting appellees' motion for summary judgment.

The first issue appellant presents concerns the timeliness of appellees' summary judgment motion. The record reflects that on February 24, 1986, the case was set for pretrial and trial. Appellees filed their motion on May 30, 1986. Appellant argues that the motion was untimely since appellees never obtained leave of the court to file the motion as required by Civ. R. 56(B) wherein it states that: "[i]f the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court." A review of the record reveals that appellant's position is totally without merit. On May 15, 1986, appellees moved for and were granted leave and an extension until May 30 to file their summary judgment motion. The motion was filed on May 30, 1986, within the extension and in compliance with the dictates of Civ. R. 56(B).

Appellant also contends that summary judgment was improper because she was entitled to recover benefits as a result of her performing a special errand for her employer's benefit at the time of the accident. Generally, in order for an injured worker to sustain a compensable injury under the workers' compensation fund, the injury must occur in the course of, and arising out of, the injured employee's employment. *Littlefield* v. *Pillsbury Co.* (1983), 6 Ohio St. 3d 389, 6 OBR 439, 453 N.E. 2d 570; *Bralley* v. *Daugherty* (1980), 61 Ohio St. 2d 302, 15 O.O. 3d 359, 401 N.E. 2d 448; and R.C. 4123.01(C). It is also a general rule that when an employee sustains an injury while traveling to or from a fixed place of employment, that injury is not compensable under the law. *Littlefield* v. *Pillsbury Co., supra; Bralley* v. *Daugherty, supra;* and *Scott* v. *East Cleveland* (1984), 16 Ohio App. 3d 429, 16 OBR 500, 476 N.E. 2d 710.

The facts, as noted by the trial court, are not in dispute. Appellant had worked for Red Carpet approximately six months prior to the accident. When first employed, appellant only cleaned the Central Bank in Milford, Ohio. Banks in Loveland and Goshen were subsequently assigned to her. Appellant drove her own automobile to and from the banks and was not reimbursed by her employer for travel expenses. Although she had her choice with respect to the order in which she cleaned the banks, appellant generally began with the Milford bank followed by the Loveland bank and finally the Goshen bank. Appellant was proceeding to the Milford bank by the most direct route from her home when the accident occurred and was approximately three to four miles from the bank. On April 14, appellant had not cleaned any of the banks prior to the accident.

Recognizing that "[c]ompensability * * * is not in every instance limited to injuries sustained on the employer's premises," *Bralley* v. *Daugherty, supra,* at 304, 15 O.O. 3d at 360, 401 N.E. 2d at 450, the Supreme Court devised a "special hazard or risk" exception to the "going and coming rule." *Littlefield* v. *Pillsbury Co., supra.* This rule allows compensation for injuries occurring off the work premises before or after work, if the injury occurs because of a hazard created by the employment. *Id.* A two-pronged test is used for determining whether this rule applies and asks whether (1) "but for" the employment, the employee would not have been at the location where the injury occurred, and (2) if the risk is distinctive in nature or quantitatively greater than those risks common to the public. *Littlefield* v. *Pillsbury Co., supra,* at paragraph two of the syllabus; *Scott* v. *East Cleveland, supra.*

Applying this test to the facts *sub judice,* it is arguable that but for appellant's employment, she would not have been at the accident site. However, this is true for every employee who would be involved in an accident while traveling to or from his or her place of employment. In any event, there is absolutely nothing in the evidentiary materials to indicate that the risk encountered by appellant was qualitatively greater or any more peculiar than the risk encountered by every other motorist using that same route. The highway where the accident occurred was well-traveled and the risks attendant to the busy road were common, normal and the same whether applied to the public in general or appellant in particular. Accordingly, we conclude that the special hazard rule enunciated in *Littlefield* v. *Pillsbury Co., supra,* is inapplicable to the case at bar.

The special errand or function which appellant claims she was perfor-

ming at the time of the accident, and which entitles her to benefits, involved the transportation of cleaning supplies and a vacuum sweeper in her automobile. Because the sweeper normally used at the Goshen bank was under repair, appellant had been instructed by a supervisor to take the sweeper from the Loveland bank and use it at Goshen. Rather than return to Loveland after finishing the cleaning in Goshen, appellant simply took the sweeper home, keeping it in the trunk of her car. Appellant also had dirty cleaning supplies in her trunk. She stated that on occasion her supervisor would instruct her to collect these supplies and return them to the Milford bank where they could be replaced with clean supplies from general stock kept at the Milford bank. Appellant would then take the new supplies to the other two banks when she went there to clean.

We fail to see any causal connection between appellant's injury and her transportation of cleaning supplies. See *Lord* v. *Daugherty* (1981), 66 Ohio St. 2d 441, 20 O.O. 3d 376, 423 N.E. 2d 96. Although appellant's employer did receive some minor benefit from appellant's transporting fresh supplies to the other banks, such did not require appellant to deviate from her normal route of travel nor did it cause her to encounter any risks greater than those she would have faced had she not had the vacuum and supplies in her trunk. The presence of the supplies did not contribute to the accident and it appears that appellant would have been traveling the same route, at the same time, under the same conditions regardless of whether she was transporting cleaning supplies. In addition, appellant's employer had absolutely no control over the accident site and appellant was still a good distance from the first bank when the accident occurred. Considering the totality of the circumstances, we find no special errand or function present in the case at bar which would entitle appellant to recover.

We find, based on the evidence herein, that reasonable minds could reach but one conclusion, that conclusion being adverse to appellant after construing the evidence most strongly in her favor. *A & B Contractors, Inc.* v. *McWhorter* (Oct. 27, 1986), Butler App. No. CA86-02-010, unreported, at 15; Civ. R. 56(C). The conclusion that we reach is that appellant's injury did not occur in the course of, and arising out of, her employment and she is not entitled to benefits. The assignment of error is accordingly overruled.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

KOEHLER, P.J., JONES and HENDRICKSON, JJ., concur.