BUSSEY, Appellee,

v.

LTV STEEL CO., INC., Appellant, et al.

[Cite as *Bussey v. LTV Steel Co.* (1989) 62 Ohio App.3d 573.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 52280.

Decided April 24, 1989.

---

*Bruner, Shapiro & Harris, Harvey B. Bruner* and *Donald G. Riemer,* for appellee.

*Robert E. Goff,* for appellant LTV Steel Co.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Robert Edelstein,* for James Mayfield, Admr., and Industrial Commission of Ohio.

EDWIN T. HOFSTETTER, Judge.

LTV Steel Company, Inc., formerly known as Jones & Laughlin Steel, Inc., appellant, is appealing the judgment of the trial court which allows Betty Bussey, appellee, to participate in the Workers' Compensation Fund. Appellant contends the court should have granted a directed verdict at the close of all the evidence. Because we agree, we are reversing the judgment of the trial court and entering judgment for appellant.

The parties stipulated to the following facts:

"That there was, in fact, an accident that occurred on September 11, 1983, which was a Sunday, at about 2:00 o'clock p.m. between a car driven by Betty Bussey, and a truck driven by a Joseph Donato, employed by Research Wilmont Oil Company, and at that time, Mr. Donato was making a delivery to the Jones & Laughlin [now LTV] plant.

"The accident happened when Mr. Donato turned into or onto the roadway leading up to the J & L gate, which gate was approximately six-tenths of a mile from the point of the accident."

In addition to these stipulated facts, there was testimony that the road leading up to the LTV gate was a public road. Appellee was on her way home from work and was stopped at the Jennings Road—I-71 intersection where she intended to turn left when she was hit by a delivery truck turning onto the LTV access road.

At the close of the evidence the trial court denied appellant's motion for a directed verdict based on *Littlefield v. Pillsbury Co.* (1983), 6 Ohio St.3d 389, 6 OBR 439, 453 N.E.2d 570. The jury returned a verdict for appellee, the court overruled appellant's motion(s) for judgment notwithstanding the verdict and/or new trial, and appellant timely appealed.

I

Appellant's first assigned error is that:

"The trial court erred to the prejudice of the defendant-appellant in overruling its motion for a directed verdict."

■ A trial court may grant a motion for a directed verdict only when, "after construing the evidence most strongly in favor of the party against whom the motion is directed, [the court] finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party * * *." Civ.R. 50(A)(4); see *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 284, 21 O.O.3d 177, 179, 423 N.E.2d 467, 469. In making this determination, the court is not

to weigh the evidence or judge credibility but is "to determine whether there exists any evidence of substantial probative value in support of that party's claim." *Ruta v. Breckenridge–Remy Co.* (1982), 69 Ohio St.2d 66, 69, 23 O.O.3d 115, 116–117, 430 N.E.2d 935, 938.

In *Littlefield* the Supreme Court of Ohio held that:

"1. An employee will be entitled to workers' compensation benefits when the employment creates a special hazard and the injuries are sustained because of that hazard.

"2. The special hazard rule applies where: (1) 'but for' the employment, the employee would not have been at the location where the injury occurred, and (2) the risk is distinctive in nature or quantitatively greater than the risk common to the public." 6 Ohio St.3d 389, 6 OBR 439, 453 N.E.2d 570, paragraphs one and two of the syllabus.

Thus, the issues to be decided in this case were whether "but for" appellee's employment at LTV, appellee would not have been at the intersection of Jennings Road and I–71 where her injury occurred and whether the risk to appellee was distinctive in nature or quantitatively greater than the risk common to the public?

A directed verdict should have been granted for appellant because appellee never established that turning left at the Jennings I–71 intersection was the necessary, most direct or safest route to her home. Unlike the claimant in *Littlefield,* appellee had options. Consequently, appellee failed to meet the first criterion of the special hazard rule. To construe the evidence otherwise would extend the "but for" philosophy to appellee's arrival at home, an untenable result. Accordingly, this assignment of error is sustained.

## II

Appellant's second assigned error is that:

"The verdict is against the manifest weight of the evidence."

Assuming, *arguendo,* that pursuant to Civ.R. 50(A)(4) the trial court, as here, chose not to direct a verdict in its belief it was following the "special hazard" rule promulgated in *Littlefield v. Pillsbury, supra,* the jury verdict and judgment of the court are, nevertheless, as appellant claims, against the manifest weight of the evidence.

The distinctions of the facts between the *Littlefield* case and the case *sub judice* are numerous, some of which were discussed earlier. In *Littlefield,* there was no other choice of ingress and egress at the plant entrance where the accident occurred according to the stipulation of the parties. Here,

however, at a point more than a half mile away from the plant entrance, on a public highway, the employee Bussey had the option of turning either left or right from the Jennings Road intersection with I–71. Her position on Jennings Road in preparation for the turn was dependent on the exercise of her own choice. It was her location at the intersection, in anticipation of turning left, that placed her vehicle more nearly in the line of travel of the truck making the turn than would have occurred had she turned right.

When a choice of directions exists when leaving a place of employment on a public highway that is six-tenths of a mile away from the plant entrance or exit, the "special hazard" requirement of no choice, as promulgated in *Littlefield* has been vitiated. To hold otherwise would require the employer to grant safe passage from work to home whenever it is evident the employee would not have been at a particular location en route "but for" her employment.

The "but for" analysis, in our opinion, has to demonstrate that the intersection where the accident occurred constitutes a special hazard that does not inure to the detriment of the public at large at this or comparable intersections. Although the evidence indicated other accidents were reported over the years near this intersection, there was no indication this intersection was more dangerous than comparable intersections simply because it was a means of egress from Jennings Road which led away from the LTV plant six-tenths of a mile away.

Legal precedence requires an intermediate court of appeals to conform with the law enunciated by the Supreme Court when the facts are reasonably comparable to, and fall *within,* the factual parameters of the new course set by that court, as in *Littlefield, supra,* by a vote of four to three.

When the bounds of the new course are exceeded, as here, by a fact situation which, unless distinguished, suggests the "special hazard" rule exists until the employee's return home has been safely accomplished because of the "but for" theory, this clearly exceeds the intent and purpose of *Littlefield,* in our opinion, as set forth by the slim majority therein. It is our function and duty as an intermediate appellate court to contain our thinking *within* the limits of *Littlefield* and not to expand on the *Littlefield* philosophy and its change of course.

When the fact situation in a succeeding case exceeds the factual boundaries that gave rise to the decision in *Littlefield,* especially in light of the vigorous triple dissents therein, our judicial thinking must be constrained by the fact situation before us. As the facts herein are distinguishable and substantially exceed the facts giving rise to the rationale of *Littlefield,* we find the verdict

is against the manifest weight of the evidence under the limitations of existing Ohio law.

This assignment of error is well taken.

### III

Appellant's last assigned error is that:

"The trial court erred to the prejudice of the defendant-appellant in overruling its objections to improper arguments by plaintiff-appellee's counsel to the jury."

Three of counsel's arguments are contended to be prejudicial. In the first, appellee's counsel told the jury that appellant's counsel was going to try to scare them and to cry wolf. The court overruled appellant's objection. While these sorts of comments regarding opposing counsel's interpretation of the law will not be condoned, the comments were not prejudicial.

In the second, appellee's counsel argued that everyone was working on Sunday and that they were working because LTV was open and making money. The court overruled counsel's objection. While these comments were clearly error, *see, e.g., Groves v. Phillips Petroleum Co.* (1969), 22 Ohio App.2d 25, 33, 51 O.O.2d 20, 25, 257 N.E.2d 759, 765, again, when read in context with the whole argument, we cannot conclude they were prejudicial.

Finally, appellee's counsel argued that appellee took quite a chance pursuing this claim because she is still employed by LTV. He stated that appellee was obviously a good employee or she would have been fired. The court sustained appellant's objection, admonished counsel and instructed the jury to disregard counsel's statement. Appellant now complains that the court's instruction to the jury was incomplete and left the jury with the implication that LTV could retaliate against appellee for pursuing this lawsuit. However, counsel did not advise the court of this concern at the time and did not request a supplemental instruction. The trial court's actions were sufficient to guard against prejudicial error.

For all of the above reasons, this assignment of error is overruled.

The judgment of the trial court is reversed and judgment is hereby entered for appellant.

*Judgment reversed.*

KRUPANSKY, P.J., concurs.

DYKE, J., dissents.

EDWIN T. HOFSTETTER, J., retired, of the Eleventh Appellate District, sitting by assignment.

KRUPANSKY, Presiding Judge, concurring.

I agree with the majority's analysis concerning appellant's first and second assignments of error. However, unlike the majority, I would also reverse the decision of the trial court based upon appellant's third assignment of error. The third comment by appellee's counsel concerning the chance appellee took in bringing the case *sub judice* and that appellee was obviously a good employee or she would have been fired was highly prejudicial and warrants reversal. However, assuming *arguendo*, the trial court's instruction cured the prejudice, the cumulative effect of all three comments about which appellant complains was highly prejudicial and warrants a reversal. Accordingly, appellant's third assignment of error should have been sustained.

DYKE, Judge, dissenting.

I respectfully dissent from the majority's disposition of Assignments of Error Nos. One and Two.

In its first and second assignments of error defendant claims that the trial court erred when it did not grant its motion for directed verdict and that the verdict for plaintiff was against the manifest weight of the evidence.

A claimant's injury is compensable under the workers' compensation laws if the individual sustained it "in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C); see, also, R.C. 4123.54; *Primiano v. Ohio Bell Tel. Co.* (May 5, 1986), Cuyahoga App. No. 50495, unreported, 1986 WL 4962. An activity occurs in the course of claimant's employment if it is part of her employment duties or reasonably incidental. An injury is not compensable if it is remote to employment and lacks a nexus to that employment. In determining whether a nexus exists, relevant factors to be taken into consideration include: (1) the proximity of the accident scene to the place of employment; (2) the degree of control exercised by the employer over the accident site; and (3) the employer's benefit received from the employee's presence at the accident site. *Primiano, supra.* Control is a relevant factor but is not dispositive in determining whether the injury occurred in the course of the claimant's employment. *Primiano, supra.*

It has been the general rule that when an employee sustains an injury while travelling to or from a fixed place of employment, that injury is not compensable under workers' compensation law. *Bralley v. Daugherty* (1980), 61 Ohio St.2d 302, 15 O.O.3d 359, 401 N.E.2d 448. In such a situation an employee generally is not considered to be within the scope or course of his or her

employment. In *Littlefield v. Pillsbury Co.* (1983), 6 Ohio St.3d 389, 6 OBR 439, 453 N.E.2d 570, the Supreme Court carved out an exception to the general rule enunciated in *Bralley*. *Littlefield* held that an off-site injury sustained while travelling to or from work may be considered to be within the course and scope of employment if the following two-part test is met: (1) the employee would not have been at the location where the injury occurred "but for" the employment, and (2) the risk involved is distinctive in nature or quantitatively greater than the risks common to the public.

In *Littlefield* the plaintiff, returning from a sanctioned lunch break, was injured on a public road as he sat waiting to turn left into his employer's premises. The Supreme Court applied its two-prong test and found that but for his employment, Littlefield would not have been making the left hand turn into the company. Secondly, although the risk attendant to travelling the busy road was shared by the public, Littlefield's risk was "quantitatively greater than that to which other motorists occasionally driving down the road are subjected." *Littlefield*, 6 Ohio St.3d at 394, 6 OBR at 443, 453 N.E.2d at 575.

"The regular exposure to the common risk plus the risk of making a left turn creates a greater degree of risk and sustains the causal relationship between the employment and the accident resulting from the risk."

Defendant-appellant argues that the trial court erred in submitting the issue of plaintiff's entitlement to participate in the Workers' Compensation Fund to the jury. Defendant argues that the evidence demonstrated as a matter of law that plaintiff did not satisfy the two-prong *Littlefield* test.

I believe that the evidence in the present case demonstrated that the plaintiff was injured off the work premises after work but that the accident occurred six-tenths of a mile from the company's gate on a road that only provided a means of ingress and egress to the employer's plant. Testimony further revealed that defendant-LTV placed a sign outside its gates which regulated the heavy truck traffic entering the plant from the access road. Testimony showed that the access road was used mostly by employees entering or exiting the plant and by trucks being driven into the plant. Plaintiff testified that the site at which she was injured was the route she travelled in entering and exiting the plant.

Defendant-appellant argues that plaintiff's injury occurred on a public street and therefore indicates that the accident site was wholly outside of its control. Public streets and sidewalks, neither owned nor controlled by any private employer have been found to be within the zone of employment. *Littlefield, supra; Sloss v. Case Western Reserve Univ.* (1985), 23 Ohio App.3d 46, 23 OBR 90, 491 N.E.2d 339. Defendant also asserts that the

accident was the result of the truck driver's negligence, again wholly outside of its control. The point is not well taken. The case law clearly indicates that it is not a question of the other driver's negligence but rather a question of whether a claimant who is injured off the premises satisfies the two-prong *Littlefield* test.

When there is sufficient evidence presented of an essential issue, which if believed, would permit reasonable minds to reach different conclusions, it is the duty of a trial court to submit the issue to the jury. *O'Day v. Webb* (1972), 29 Ohio St.2d 215, 58 O.O.2d 424, 280 N.E.2d 896, paragraph four of the syllabus. I believe that there was sufficient evidence presented which would permit reasonable minds to come to different conclusions whether plaintiff would have been at the site of the accident "but for" her employment and whether the risk attendant to the intersection was "quantitatively greater" than that to which motorists occasionally driving down the road are subjected.

I do not believe the present facts to be analogous to those cases where judgment has been entered as a matter of law for the defendant employer. See, *e.g.*, *Kopera v. Sheller–Globe* (Oct. 31, 1986), Fulton App. No. F–86–9, unreported, 1986 WL 12234 (after work, plaintiff fell in an alleyway which had just received snow as did all other areas of the city. The alleyway was not the only means of ingress and egress to plaintiff's employment but rather plaintiff's choice as a route home.); *Monjar v. Mayfield* (1987), 35 Ohio App.3d 76, 519 N.E.2d 681 (plaintiff injured while driving on a public highway to the first of her three nightly cleaning jobs).

The trial court did not err in submitting the issue to the jury.

Further, there was substantial credible evidence presented which indicated that plaintiff's accident occurred in close proximity to her place of employment; that LTV had some control over the access road, *i.e.*, its posted sign which regulated truck traffic; and that the employer benefitted from plaintiff's presence at the site because it was the way by which she entered and exited the plant. There was substantial evidence submitted by way of testimony which clearly showed that plaintiff would not have been at the intersection but for her employment. Further, the plaintiff faced a peculiar risk by having to stop at an intersection on a regular basis where large tractor trucks routinely had to make sweeping left turns onto the road where she had to wait. There clearly was evidence presented which would allow a jury to conclude that plaintiff's repeated exposure to this uncommon risk provided the necessary nexus *Littlefield* requires between employment and the accident resulting from the risk.

582

The jury's finding that plaintiff was entitled to workers' compensation was not against the manifest weight of the evidence. I believe that defendant's first and second assignments of error should be overruled.