DECISION AND JUDGMENT ENTRY
This is an appeal from an Athens County Common Pleas Court summary judgment in favor of James Conrad, Administrator of the Bureau of Workers' Compensation, and Western Reserve Telephone Company (Western Reserve), defendants below and appellees herein.[1] Gordon Holter, plaintiff below and appellant herein, assigns the following error for review:
 "THE COURT OF COMMON PLEAS ERRED IN GRANTING DEFENDANT-APPELLEE WESTERN RESERVE TELEPHONE COMPANY'S MOTION FOR SUMMARY JUDGMENT. GENUINE ISSUES OF MATERIAL FACT WERE PRESENT IN THE RECORD AND REASONABLE MINDS VIEWING THE EVIDENCE MOST FAVORABLY TO PLAINTIFF COULD FIND THAT PLAINTIFF'S INJURIES WERE SUSTAINED IN THE COURSE OF AND ARISING OUT OF HIS EMPLOYMENT WITH DEFENDANT-APPELLEE WESTERN RESERVE TELEPHONE COMPANY."
On March 27, 2000, at approximately 7:40 a.m., appellant was involved in a head-on automobile collision. At the time of the accident, appellant was driving his personal vehicle and was en route to work at Western Reserve Telephone Company, where appellant was employed as a cable slicer/outside technician.
Appellant's normal work hours were 8:00 a.m. to 4:30 p.m. Occasionally, appellant, was required to perform after hours "call-out" jobs and was permitted to use his own vehicle for those call-out jobs. At the time of appellant's accident, appellant was not working on an after hours job.
Although appellant was driving his personal vehicle, a reel of cable that belonged to his employer and weighed approximately 500 pounds sat in the bed of appellant's pickup truck. When the accident occurred, the reel of cable struck the back of appellant's pickup truck cab and then rolled down an embankment.
Appellant submitted the affidavit of an expert who opined: "If the impact were of sufficient magnitude, the reel of wire would strike the back of the passenger cab, causing damage to the vehicle as depicted in the attached photographs." The expert also stated that the reel of wire could have damaged the support for the driver's seat belt, which would permit the driver to travel farther forward in a front-end collision and which could lead to potential contact with the steering wheel, dashboard, and windshield, presenting an increased risk of injury.
Eventually, appellant filed a workers' compensation claim. Appellant's claim was denied at all administrative levels.
On November 16, 2000, appellant filed a notice of appeal from the decision that denied his claim. See R.C. 4123.512. Appellant and Western Reserve subsequently filed cross-motions for summary judgment. Western Reserve argued that appellant's injuries did not occur in the course of and did not arise out of appellant's employment. Western Reserve asserted that appellant, as a fixed-situs employee, could not recover for injuries sustained while traveling to his place of employment. Appellant, on the other hand, argued that: (1) the totality of the circumstances demonstrated that his injury arose out of the employment relationship; and (2) alternatively, the existence of a special hazard established that his injury arose out of the employment relationship.
On December 28, 2001, the trial court granted summary judgment in Western Reserve's favor. The trial court concluded that neither the totality of the circumstances exception nor the special hazard exception applied to lift the general bar against workers' compensation recovery for employees injured while traveling to a fixed place of employment. Appellant filed a timely notice of appeal.
Initially, we note that when an appellate court reviews a trial court's decision regarding a motion for summary judgment, the appellate court conducts a de novo review. See, e.g., Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 671 N.E.2d 241. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate. A reviewing court need not defer to a trial court's decision. See Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704,711, 622 N.E.2d 1153; Morehead v. Conley (1991), 75 Ohio App.3d 409,411-12, 599 N.E.2d 786. In determining whether a trial court properly granted summary judgment, an appellate court must review the standard for granting a motion for summary judgment as set forth in Civ.R. 56, as well as the applicable law. Civ.R. 56(C) provides, in relevant part, as follows:
"* * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
Thus, a trial court may not grant summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997), 77 Ohio St.3d 421, 429-30,674 N.E.2d 1164.
The dispute in the instant appeal revolves around appellant's right to participate in the Workers' Compensation Fund. Appellee asserts that the "coming and going" rule operates to bar appellant's claim, while appellant argues that the "totality of the circumstances" exception or the "special hazard" exception applies and precludes application of the general rule prohibiting employees from recovering workers' compensation benefits for injuries received while traveling to a fixed place of employment.
Every employee who is injured or contracts an occupational disease in the course of employment is entitled to receive compensation as provided for in the Ohio Revised Code. R.C. 4123.54. Courts must liberally construe the workers' compensation laws in favor of employees. See R.C.4123.95; Bailey v. Republic Engineered Steels, Inc. (2001),91 Ohio St.3d 38, 40, 741 N.E.2d 121. Liberal construction of the workers' compensation laws require courts to adopt "the most comprehensive meaning of the statutory terms." Id.
"A liberal construction has been defined as giving `generously all that the statute authorizes,' and `adopting the most comprehensive meaning of the statutory terms in order to accomplish the aims of the Act and to advance its purpose, with all reasonable doubts resolved in favor of the applicability of the statute to the particular case. Interpretation and construction should not result in a decision so technical or narrow as to defeat the compensatory objective of the Act.' Fulton, Ohio Workers' Compensation Law (2 Ed. 1998) 9, Section 1.7." Bailey, 91 Ohio St.3d 38,40, 741 N.E.2d 121.
Although a court must liberally construe the workers' compensation laws in favor of the injured employee, a court may not "`read into the statute something which cannot reasonably be implied from the language of the statute.'" Phillips v. Borg-Warner Corp. (1972), 32 Ohio St.2d 266, 268,291 N.E.2d 736 (quoting Szekely v. Young (1963), 174 Ohio St. 213,188 N.E.2d 424, paragraph two of the syllabus).
R.C. 4123.01(C) defines what constitutes an "injury" in the workers' compensation context: "`Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." Thus, for an injury to be compensable, the employee must establish that the injury was received in the course of and arose out of the employee's employment. See Stivison v. Goodyear Tire Rubber Co. (1997),80 Ohio St.3d 498, 499, 687 N.E.2d 458. "`All elements of the formula must be met before compensation will be allowed.'" Id. (quoting Fisherv. Mayfield (1990), 80 Ohio St.3d 275, 277, 551 N.E.2d 1271).
Generally, the "coming and going" rule prohibits an employee who works at a fixed site and who is injured while traveling to or from work from receiving workers' compensation benefits. Ruckman v. Cubby Drilling,Inc. (1998), 81 Ohio St.3d 117, 119, 1998-Ohio-455, 689 N.E.2d 917. The "coming and going" rule provides:
"`[A]n employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between injury and the employment does not exist.'" Ruckmanv. Cubby Drilling, Inc. (1998), 81 Ohio St.3d 117, 119, 1998-Ohio-455,689 N.E.2d 917 (quoting MTD Products, Inc. v. Robatin (1991),61 Ohio St.3d 66, 68, 572 N.E.2d 661).
In Ruckman, the court explained the rationale underlying the coming and going rule:
"The rationale supporting the coming-and-going rule is that `the constitution and the statute, providing for compensation from a fund created by assessments upon the industry itself, contemplate only those hazards to be encountered by the employee in the discharge of the duties of his employment, and do not embrace risks and hazards, such as those of travel to and from his place of actual employment over streets and highways, which are similarly encountered by the public generally.'" Id. (quoting Indus. Comm. v. Baker (1933), 127 Ohio St. 345, 188 N.E. 560, paragraph four of the syllabus).
In the case sub judice, the parties do not dispute the existence of the coming and going rule. Rather, the parties dispute whether, under the facts present in the instant case, the coming and going rule bars appellant's workers' compensation claim. A claimant may avoid the application of the coming and going rule "in the rare circumstances where [the claimant] can, nevertheless, demonstrate that [the claimant] received an injury in the course of and arising out of his employment."Ruckman, 81 Ohio St.3d at 120. "In the course of" refers to "the time, place, and circumstances of the injury." Stivison, 80 Ohio St.3d at 499
(citing Fisher, 49 Ohio St.3d at 277-78, 551 N.E.2d).
"The phrase `in the course of employment' limits compensable injuries to those sustained by an employee while performing a required duty in the employer's service. `To be entitled to workmen's compensation, a workman need not necessarily be injured in the actual performance of work for his employer.' Sebek v. Cleveland Graphite Bronze Co. (1947), 148 Ohio St. 693,76 N.E.2d 892, paragraph three of the syllabus. An injury is compensable if it is sustained by an employee while that employee engages in activity that is consistent with the contract for hire and logically related to the employer's business." Ruckman, 81 Ohio St.3d at 120 (citations omitted).
In further defining when an employee receives an injury "in the course of" employment, the Ruckman court observed:
"`In order to avail himself of the provisions of our compensation law, the injuries sustained by the employee, must have been "occasioned in the course of his employment. * * * If the injuries are sustained [off premises], the employee, acting within the scope of his employment, must, at the time of his injury, have been engaged in the promotion of his employer's business and in the furtherance of his affairs.'" Id. at 121 (quoting Indus. Comm v. Bateman (1933), 126 Ohio St. 279, 185 N.E. 50, paragraph two of the syllabus).
In the case at bar, no evidence exists that appellant was injured in the course of employment. At the time of the accident, appellant was commuting to a fixed place of employment. Appellant was not on an after hours "call-out" job. Moreover, as the Ruckman court stated, ordinarily, "an employee's commute to a fixed work site bears no meaningful relation to his employment contract and serves no purpose of the employer's business." Id. Thus, because appellant cannot demonstrate that he suffered his injuries while in the course of employment, appellant may not recover workers' compensation benefits.
Assuming, arguendo, that appellant could establish that he suffered his injuries while in the course of employment, appellant must then demonstrate that his injuries arose out of the employment. "Arising out of" refers to the "causal connection between the injury and the injured person's employment." Id. An injury arises out of employment "when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work was required to be performed and the resulting injury." Fox v.Indus. Comm. (1955), 162 Ohio St. 569, 573, 125 N.E.2d 1.
Within the context of the coming and going rule, three tests have evolved to help determine whether a causal connection exists between the employee's injury and employment. An employee who is injured while traveling to or from a fixed work site may nevertheless be entitled to workers' compensation benefits if: (1) the injury occurs within the "zone of employment"; (2) the employment creates a "special hazard"; or (3) if the totality of the circumstances demonstrates that a causal connection exists between the employee's injury and the employee's work. See, generally, Ruckman, 81 Ohio St.3d at 123; Johnston v. Case WesternReserve Univ. (2001), 145 Ohio App.3d 77, 82, 761 N.E.2d 1113, appeal not allowed (2001), 93 Ohio St.3d 1497, 758 N.E.2d 1148.
In the case at bar, appellant contends that his employment created a special hazard or that the totality of the circumstances demonstrates that his injuries arose out of his employment. The special hazard rule provides:
"A fixed-situs employee is entitled to workers' compensation benefits for injuries occurring while coming and going from or to his place of employment where the travel serves a function of the employer's business and creates a risk that is distinctive in nature from or quantitatively greater than risks common to the public." Ruckman, paragraph two of the syllabus.
Generally, simply commuting to a fixed place of employment does not create a special hazard. Id. at 125. As the Ruckman court explained:
"For most employees, commuting distance to a fixed work site is largely a personal choice. Any increased risk due a longer commute is due more to the employee's choice of where he or she wants to live than the employer's choice of where it wants to locate its business. Accordingly, it usually is not the employment relationship that exposes an employee to greater risk associated with a long commute. Moreover, the risks associated with highway travel are not distinctive in nature from those faced by the public in general." Id.
In the case at bar, at the time of the accident appellant was commuting to work. Appellant's travel did not serve a function of his employer's business. Consequently, the special hazard rule does not apply to help appellant establish a causal connection between his injury and his employment.
Appellant asserts, however, that the presence of the reel in his truck created a risk distinctive in nature from those faced by the public in general. We disagree with appellant. Even if the presence of the reel of wire constitutes a special hazard, appellant has failed to illustrate that a causal connection exists between his injuries and the special hazard that his employment created. An injury is not "compensable solely because of a causal connection with" employment. Stivison,80 Ohio St.3d at 499, 687 N.E.2d. "Many uncompensable injuries can be said to bear some causal relation to employment, but legal analysis must focus upon the nature and degree of causal connection." Id.
In the case sub judice, no evidence exists that the reel of wire caused any of appellant's injuries. Although appellant's expert opined that the reel of wire could have exacerbated appellant's injuries, the expert did not affirmatively state that it did. See Indus. Comm. v. Gintert (1934),128 Ohio St. 129, 133-134, 190 N.E. 400 (denying workers' compensation when no evidence existed that the injury resulted from a risk or hazard of employment);[2] Monjar v. Mayfield (1987), 35 Ohio App.3d 76, 78,519 N.E.2d 681 (noting that no evidence existed that material used for employment and transported in vehicle caused the employee's injuries)
Moreover, other courts have held that a sufficient causal connection does not exist simply because an employee suffers injuries while transporting materials used in the employment relationship. See Outlandv. Industrial Commission of Ohio (1937), 18 N.E.2d 499 (holding that injuries sustained by a worker while transporting supplies necessary for his work to or from his home to place of employment do not result from or arise out of employment and are therefore not compensable); Lohnes v.Young (1963), 175 Ohio St. 291, 293, 194 N.E.2d 428 (concluding that simply taking work home while traveling from place of employment does not mean that injury sustained occurs within course of employment). In Monjarv. Mayfield (1987), 35 Ohio App.3d 76, 78, 519 N.E.2d 681, for example, the court concluded that the employee did not establish a causal connection between her injuries and her employment when the employee was injured in an automobile accident while transporting supplies that she used for employment. The court stated:
"We fail to see any causal connection between appellant's injury and her transportation of cleaning supplies. Although appellant's employer did receive some minor benefit from appellant's transporting fresh supplies to the other banks, such did not require appellant to deviate from her normal route of travel nor did it cause her to encounter any risks greater than those she would have faced had she not had the vacuum and supplies in her trunk. The presence of the supplies did not contribute to the accident and it appears that appellant would have been traveling the same route, at the same time, under the same conditions regardless of whether she was transporting cleaning supplies."
Consequently, we disagree with appellant that the special hazard rule applies to avoid application of the coming and going rule.
Appellant next argues that the totality of the circumstances demonstrate that a causal connection exists between his injury and his employment. The totality of the circumstances test requires a court to consider the following factors:
"`(1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident.'" Ruckman,81 Ohio St.3d at 122 (quoting Lord v. Daugherty (1981), 66 Ohio St.2d 441,423 N.E.2d 96, syllabus).
Applying the foregoing factors to the case at bar, we do not believe that the totality of the circumstances demonstrate a causal connection between appellant's injuries and his employment. First, the accident did not occur close to appellant's place of employment. The accident occurred approximately one mile from the employer's premises. Second, no evidence exists to show that the employer had any degree of control over the scene of the accident. Instead, the evidence shows that the accident occurred on a public road and that appellant was driving his personal vehicle. Third, no evidence exists to establish that the employer received any benefit from appellant's presence at the scene of the accident (other than the incidental benefit that appellant was present on the road to travel to work). Consequently, we disagree with appellant that the totality of the circumstances demonstrate that a causal connection exists between his injuries and his employment.
Accordingly, based upon the foregoing reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
Harsha, J.: Concurs in Judgment Opinion with Opinion.
Kline, J.: Concurs in Judgment Opinion.
[1] Appellee, Administrator, Bureau of Workers' Compensation, did not file a motion for summary judgment. The trial court, entered judgment in the Administrator's favor, however. The trial court determined that appellant's claim against the Administrator could not survive if appellee, Western Reserve, was granted summary judgment.
Although the Administrator did not file a motion for summary judgment, the Administrator has filed an appellate brief.
[2] In Gintert, the court explained:
 "It is not contended and cannot be that the decedent sustained any injury as a result of any risk or hazard of the employment itself or that the fatal injury was occasioned in the course of or arose out of the employment. It was not caused by any equipment, tools, or material in any wise connected with her employment, and the employment had no causal connection with the injury either through its activities, its conditions, or its environments. In this respect this case differs essentially from cases cited and relied upon by defendant in error. If there can be a recovery under the facts in this record, then there could be a like recovery in the case of any clerk, stenographer, bookkeeper or of any other employee employed in an office, bank, store, factory, or other place of employment who carried home any books, papers, statements, etc., for any purpose at all connected with his duties, and sustained an injury while absent from the place of employment and while engaged in some act not in any wise connected with the duties of the employment. That would disregard entirely the test of the right to such award, which is whether the employment had some causal connection with the injury, and would subject the fund to charges for compensation for an injury which had its cause entirely outside of and wholly disconnected from the business in which the injured workman was employed, contrary to the underlying principles so well stated in the cases above cited and also in the following cases: Industrial Commission v. Weigandt, 102 Ohio St. 1, 130 N.E. 38; Industrial Commission v. Heil, 123 Ohio St. 604, 176 N.E. 458, and Industrial Commission v. Ahern, 119 Ohio St. 41, 162 N.E. 272."
Id. at 133.