Scott, Appellant, *v.* City of East Cleveland, Appellee.

(No. 47454—Decided May 21, 1984.)

*Jerome L. Bentoff Co., L.P.A.,* and *Mr. Jerome L. Bentoff,* for appellant.

*Davis & Young Co., L.P.A.,* and *Mr. Paul D. Eklund, for appellee.*

Markus, P.J. Plaintiff-employee appeals from a summary judgment dismissal of her personal injury negligence action against her employer. The trial court ruled that her action is barred by the employer's immunity to suit provided by the workers' compensation law. She contends that her employer's defense presented a genuine issue of material fact whether her injury occurred in the course and scope of her employment. Having applied for and received a final administrative decision that her injury resulted in those circumstances, plaintiff is collaterally estopped from relitigating that issue. Therefore, we affirm.

I

Plaintiff is employed by the defendant-city as a billing clerk in its water department. On her way to work one morning, plaintiff fell on the public sidewalk in front of her place of employment. She sustained back and leg injuries. Plaintiff subsequently applied for workers' compensation benefits for those injuries, and the Industrial Commission approved her claim.

Thereafter, plaintiff filed this action against the defendant-city, claiming that the city negligently repaired and maintained the public sidewalk adjacent to its premises. She sought payment for the same injuries from the same incident which she described in her earlier workers' compensation claim.

Defendant filed a summary judgment motion which asserted immunity from suit under R.C. 4123.74.[1] Defen-

---

[1] R.C. 4123.74 provides:

"*Employers who comply with section 4123.35 of the Revised Code shall not be liable* to respond in damages at common law or by statute for any injury * * * received or contracted by any employee in the course of or arising out of his employment * * * whether or not such injury * * * is compensable under [the workers' compensation laws]." (Emphasis added.)

dant supported its motion with copies of plaintiff's workers' compensation claim and the Industrial Commission's allowance of that claim. Defense counsel's affidavit authenticated those documents, and plaintiff has not challenged their accuracy. Cf. *Brown* v. *Insurance Co.* (1978), 63 Ohio App. 2d 87, 90 [17 O.O.3d 267].

Plaintiff's brief opposing defendant's motion claimed: (a) she sustained her injuries while travelling to and not at her place of employment, (b) Ohio's "going and coming" rule precluded recovery for those injuries under the workers' compensation laws, (c) the Industrial Commission's finding was not binding on the trial court, and (d) she was therefore entitled to a jury trial on defendant's liability under R.C. 723.01.[2] Her affidavit reiterated her claim that she was injured while travelling to work. She did not dispute defendant's contention that she applied for and was awarded workers' compensation for her injuries in that incident.

The trial court granted defendant's summary judgment motion without opinion.

## II

Plaintiff's sole assignment of error contends:

"1. The trial court committed reversible error by granting Defendant-Appellee's Motion for Summary Judgment."

Plaintiff argues that a genuine issue of material fact exists as to whether she was injured in the course and scope of her employment. In her reply brief in this court, plaintiff also argues a "dual capacity" theory of recovery for her injuries.

The trial court should grant summary judgment if the evidentiary material "* * * show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ. R. 56(C). The moving party has the burden of proving the absence of any genuine issue of fact. *Hickman* v. *Ford Motor Co.* (1977), 52 Ohio App. 2d 327, 329 [6 O.O.3d 365]. All reasonable inferences should be resolved in favor of the party opposing the motion. *Dupler* v. *Mansfield Journal* (1980), 64 Ohio St. 2d 116, 120 [18 O.O.3d 354].

When an employee sustains injury while travelling to or from a fixed place of employment, that injury is generally not compensable under workers' compensation law. *Bralley* v. *Daugherty* (1980), 61 Ohio St. 2d 302, 303 [15 O.O.3d 359]. In that situation, the employee is usually not considered to be within the scope of his or her employment at the time of that injury. *Id.* However, the injury does occur within the employee's scope of employment where the employee's injury results from a "special hazard" created by the employment. *Littlefield* v. *Pillsbury Co.* (1983), 6 Ohio St. 3d 389, paragraph one of the syllabus.

Under the *Littlefield* rule, injuries suffered while travelling to and from work are considered to be within the course and scope of employment if (a) the employee would not have been at the location where the injury occurred "but for" the employment, and (b) if the risk is distinctive in nature or qualitatively greater than the risks common to the public. *Id.* at paragraph two of the syllabus. Whether plaintiff was subject

---

[2] R.C. 723.01 provides:

"Municipal corporations shall have special power to regulate the use of the streets. The legislative authority of such municipal corporation shall have the care, supervision, and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts within the municipal corporation, and shall cause them to be kept open, in repair, and free from nuisance."

to a special hazard associated with her employment at the time and place of injury is a question of fact. Without a prior administrative adjudication of this issue, the factual dispute on that issue would have precluded summary judgment.

However, the defendant city demonstrated that plaintiff applied for and received workers' compensation benefits for the same injuries for which she now seeks a tort recovery. When the Industrial Commission determines that an injury is compensable under R.C. Chapter 4123, its determination necessarily includes a finding on the issue disputed here. To so act, the commission must find that the employee was injured in the course and scope of his or her employment. R.C. 4123.46.

The doctrines of *res judicata* and collateral estoppel apply to quasi-judicial decisions made by administrative agencies from which no appeal has been taken. *Wade* v. *Cleveland* (1982), 8 Ohio App. 3d 176, 177. Their dispositive effect does not change simply because the parties resolved the claim without vigorously controverted proceedings before the agency. Consent decrees have the same *res judicata* and collateral estoppel effects as judgments resolving disputed issues. *Horne* v. *Woolever* (1959), 170 Ohio St. 178, 182 [10 O.O.2d 114].

In this case, plaintiff's application for and acceptance of workers' compensation benefits placed her in the position of a party to a consent decree. She cannot now dispute a finding that the Industrial Commission made at her instance and under which she then accepted benefits. When the Industrial Commission finally found that plaintiff's injury was compensable under R.C. Chapter 4123, then R.C. 4123.74 barred a common-law suit. Cf. *Lowe* v. *Kellogg* (April 23, 1981), Cuyahoga App. No. 43144, unreported (previously allowed workers' compensation claim barred suit against fellow employee under R.C. 4123.741).

Summary judgment was not precluded here on the basis of defendant's dual capacity as an employer and the municipality responsible for public sidewalks. Plaintiff did not allege facts which would support that theory or otherwise assert it in her complaint or elsewhere in the trial court. Neither did she raise that issue in her initial brief in this court. Plaintiff first raises dual capacity as a factual issue in her appellate reply brief.

In *Freese* v. *Consolidated Rail Corp.* (1983), 4 Ohio St. 3d 5, the Supreme Court explained at 12:

"* * * [I]n order for the dual-capacity doctrine to apply, there must be an allegation and showing that the employer occupied two independent and unrelated relationships with the employee, that at the time of these roles of the employer there were occasioned two different obligations to this employee, and that the employer had during such time assumed a role other than that of employer. * * *"

Plaintiff's sole basis for recovery in the trial court was her contention that she was not injured in the course or scope of her employment. Ordinarily, issues which were not raised in the trial court and were not adjudicated there cannot be raised for the first time on review. *Republic Steel Corp.* v. *Bd. of Revision* (1963), 175 Ohio St. 179 [23 O.O.2d 462]; *Stine* v. *Springfield City Lines, Inc.* (1958), 106 Ohio App. 429, 434 [7 O.O.2d 178].

Accordingly, plaintiff's assigned error is overruled. We affirm the trial court.

*Judgment affirmed.*

ANN MCMANAMON and PATTON, JJ., concur.