OPINION
Plaintiff-appellant, Debora Gerdes, appeals a decision of the Butler County Court of Common Pleas, granting summary judgment to defendants-appellees, Super America Group and the Bureau of Workers' Compensation and Industrial Commission of Ohio. We reverse the trial court's decision and remand the case for further proceedings.
Super America operates a chain of gasoline service stations. Super America hired appellant in December 1989 to work as a "CSR" (Customer Service Representative) cashier. Appellant claims that Super America mandated standards of customer service as part of her job duties. On December 16, 1994, Super America scheduled appellant to work at two different store locations. Appellant began her shift at the 11620 Hamilton Avenue store. The second part of her schedule was at the Fairfield, Ohio, store approximately four to five miles north of the Hamilton Avenue store. U.S. Route 127 runs directly between the two stores. After completing her assigned time at the Hamilton Avenue store, appellant was to drive to the Fairfield store to complete her shift. She was paid for the time she spent driving between the stores.
As appellant was about to leave the Hamilton Avenue store, a store customer asked appellant's co-worker for directions to an address of a business in Fairfield, Ohio. The co-worker referred the customer to appellant who attempted to explain the directions to the customer, but the customer was unable to understand appellant's verbal directions. Appellant then said to the customer, "I'm on my way to work in Fairfield now at the [sic] another store. Just follow me, and I will show you." Appellant intended to drive past the customer's street and then flash her turn signal to indicate to the customer where he should turn. Thereafter, appellant would travel directly to the Fairfield store. Appellant drove north on U.S. Route 127 for about three miles, and made a deviation towards the customer's address. Including the deviation, the total distance between the two stores was approximately six to seven miles. After appellant had left U.S. Route 127, the customer accidentally ran into the back of appellant's automobile. Appellant suffered head, neck, back, and knee injuries.
Appellant filed an application for workers' compensation with the Bureau of Workers' Compensation. Appellant's claim was denied on October 2, 1995. Appellant appealed her claim to the Industrial Commission, and her appeal was denied on October 23, 1995. Appellant then appealed to the Butler County Court of Common Pleas pursuant to R.C. 4123.512. Appellees filed a motion for summary judgment claiming that there was no genuine issue of material fact whether appellant "suffered an injury while in the course and scope of her employment with [Super America]." The trial court granted summary judgment to appellees on August 1, 1996. The trial court found "that [appellant] was detouring off the direct path on her return to the Fairfield store and was clearly not engaged in the performance of her Super America duties." Appellant argues in her single assignment of error that summary judgment was improper because reasonable minds could find that appellant was still within the scope of her employment.
When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court. Jones v. Shelly Co. (1995), 106 Ohio App.3d 440, 445. When reviewing a grant of summary judgment, a reviewing court must follow the standard set forth in Civ.R. 56(C) which specifically provides that before summary judgment can be granted it must be determined that: 1) no genuine issue as to any material fact remains to be litigated, 2) the moving party is entitled to judgment as a matter of law, and 3) it appears from the evidence that reasonable minds can come to but one conclusion and, viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Welco Ind. Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344,346.
"Summary judgment is not appropriate where the facts, which must be viewed in a light most favorable to the party opposing the motion, are subject to reasonable dispute." Jackson v. Kings Island (1979), 58 Ohio St.2d 357, 360. Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party. Welco,67 Ohio St.3d at 346. The reason is that "summary judgment precludes a jury's consideration of a case, and should, therefore, be used sparingly, only when reasonable minds can come to but one conclusion." Shaw v. Central Oil Asphalt Corp. (1981), 5 Ohio App.3d 42,44.
Workers' compensation is provided for individuals and their dependents, for "any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). In order to participate in the workers' compensation fund, the alleged injury must have occurred "in the course of and arising out of" employment. Fisher v. Mayfield (1990), 49 Ohio St.3d 275, 277.
It is well-settled in Ohio law that the determination of whether an employee is acting within the scope of his or her employment is a question of fact to be decided by the jury. Osborne v. Lyles (1992), 63 Ohio St.3d 326, 330; Posin v. A.B.C. Motor Court Hotel (1976), 45 Ohio St.2d 271; Malone v. Courtyard by Marriott Ltd. Partnership (1994), 95 Ohio App.3d 74, 89; Zurowski v. Parker (May 5, 1994), Cuyahoga App. No. 64907, 65321, unreported. Scope of employment becomes a question of law only "when the facts are undisputed and there is no possibility of conflicting inferences." Czubaj v. E.B.P (Oct. 12, 1995), Cuyahoga App. No. 65517, unreported. See also Osborne,63 Ohio St.3d at 330. Summary judgment is not justified in a workers' compensation case when genuine issues of material facts exist as to whether the injury occurred within the scope of employment. Hickman v. Ford Motor Co. (1977), 52 Ohio App.2d 327, 329.
An employee who is injured while traveling to and from work is generally not compensated under workers' compensation law. Slagle v. White Castle Systems, Inc. (1992), 79 Ohio App.3d 210, 214; Scott v. City of East Cleveland (1984), 16 Ohio App.3d 429, 430. However, if the injury is sustained while traveling between separate job sites, it may be within the course of employment and qualify for workers' compensation. Fletcher v. Northwest Mechanical Contractors, Inc. (1991), 75 Ohio App.3d 466, 473-474; Smith v, Industrial Commission of Ohio (1948), 90 Ohio App. 481,484.
Traditionally, the question of an "abandonment" or "deviation" of an employee from the scope of his employment is a matter of fact and is a question for the jury. Amstutz v. Prudential Ins. Co. of America (1940), 136 Ohio St. 404, 409. If reasonable minds can differ as to whether the employee was at the time acting within the scope of his employment, the question should be submitted to a jury. Wiebold Studio, Inc. v. Old World Restorations, Inc. (1985), 19 Ohio App.3d 246, 251; New York, Chicago St. Louis R.R. Co. v. Trico Trucking Inc. (1967),9 Ohio App.2d 184, 189-190.
To determine if a worker was within the scope of employment while not on the employer's premises, the trier of fact must look at the "totality of the facts and circumstances." Lord v. Daugherty (1981), 66 Ohio St.2d 441, 444. Some of the factors to be considered include: 1) the proximity of the scene of the accident to the place of employment, 2) the degree of control the employer had over the scene of the accident, and 3) the benefit the employer received from the injured employee's presence at the scene of the accident. Id. The list of factors in Lord "is not intended to be exhaustive, but rather is illustrative of the factors that need to be considered. In this manner, the totality-of-the-circumstances approach to workers' compensation cases may continue to evolve." Fisher, 49 Ohio St.3d at 279, fn. 2.
In the present case, the question of fact that is in dispute is whether appellant was within the scope of employment at the time of the accident. If appellant deviated from her route for only personal reasons, summary judgment would be appropriate. However, summary judgment against appellant would not be appropriate if appellant had been authorized to show the customer how to get to the address.
Appellees contend that while "appellant's intentions may have been laudable," they were only a "personal errand" to assist the customer. Appellees argue that there was nothing in store policy allowing appellant to help a customer in that regard. Appellant counters that "the sole reason [she] was at the scene of the accident was to pursue her employment duties." Appellant claims that there is no specific prohibition by Super America against helping customers in this way, and it was in harmony with established company policy. Appellant argues that her actions would have "benefitted [Super America] by generating favorable word of mouth, increased business, invaluable advertising for [Super America], return customers and enhanced reputation."
Our question is limited to whether a reasonable mind could come to a different conclusion regarding the question of scope of employment, and thus defeat a summary judgment motion. Based upon these facts, we find that a reasonable person could conclude that appellant was within the scope of her employment. There is a genuine question of fact whether Super America could have received some benefit from the actions of appellant. There was no express prohibition against appellant taking the route she chose. The deviation from the route could be considered slight.[1]
Appellant was paid for the travel time between the two stores. Appellant was showing the customer how to get to the address because of appellant's duties at the first store. The weighing of the evidence and the determination if appellant was within the scope of her employment are questions best resolved by a trier of fact.
Accordingly, we sustain appellant's assignment of error. We reverse the trial court's decision to grant summary judgment and remand this case for further proceedings.
KOEHLER and POWELL, JJ., concur.
[1] It is not difficult to conceive scenarios where no reasonable person would believe that appellant's actions were within the scope of her employment. For example, the trial court properly concluded that leading a customer to a destination in Middletown, Ohio (more than fifteen miles north of the store) would be an unreasonable deviation.