OPINION.
{¶ 1} Appellant, General Motors Corporation, appeals from the September 13, 2002 judgment entry of the Trumbull County Court of Common Pleas granting appellee's motion for summary judgment.
 {¶ 2} On January 4, 2001, appellee filed a "First Report of an Injury, Occupational Disease or Death" form and a C-5 form entitled "Additional Information for Death Benefits," seeking death benefits for the death of her husband, Stephen Lasko ("Mr. Lasko"). Appellant objected to the death claim of appellee and requested a hearing by the Industrial Commission, which was granted. On April 2, 2001, a hearing was held before a district hearing officer, granting death benefits to appellee. On April 12, 2001, appellant filed its appeal to the order of the district hearing officer. On May 25, 2001, appellant's appeal was heard before a staff hearing officer, who issued an order refusing appellant's appeal. On June 8, 2001, appellant filed its commission appeal, which was refused.
 {¶ 3} On August 15, 2001, appellant filed a notice of appeal in the Trumbull County Court of Common Pleas. On March 8, 2002, appellee filed a motion for summary judgment, which was granted on September 13, 2002. On September 19, 2002, appellant filed a motion for relief from judgment, pursuant to Civ.R. 60(B)(1), which was not ruled on by the trial court. On October 15, 2002, appellant filed the instant appeal.
 {¶ 4} The facts emanating from the record are as follows: On March 28, 1968, Mr. Lasko, who was a journeyman tool and dye maker machinist, suffered injuries arising out of his employment with appellant and filed a workers' compensation claim with the Ohio Bureau of Workers' Compensation, which was allowed. On August 24, 1993, Mr. Lasko's claim was additionally allowed for "dementia, moderate." On November 5, 1993, Mr. Lasko was granted permanent total disability. On March 26, 1999, the Industrial Commission hearing officer granted Mr. Lasko's motion for 24-hour a day nursing home care on the basis of deteriorating dementia. On April 22, 1999, appellant filed a commission appeal which was refused. Appellant did not appeal the March 26, 1999 order any further.
 {¶ 5} On June 25, 2000, Mr. Lasko died. At the time of his death, Mr. Lasko's workers' compensation claim allowances were as follows: fractured skull, compounded through right mastoid; traumatic subarachnoid hemorrhage; cerebral concussion, moderately severe, fractured nasal bridge, fractured intra-orbital rim, lateral wall right antrum, right zygomatic arch, injury to right ear and dental injury; and dementia moderate.
 {¶ 6} In support of appellee's January 4, 2001 claim, Dr. Holly J. Maggiano's ("Dr. Maggiano") affidavit was filed on December 17, 2001. Dr. Maggiano practices in the specialty area of neurology, which includes the area of dementia. Dr. Maggiano began to provide care and treatment for Mr. Lasko in October 1996, as a result of his traumatic head injury sustained while working for appellant in March 1968. According to Dr. Maggiano's affidavit, "Mr. Lasko sustained a right frontal contusion (brain injury) which caused personality changes, mood fluctuations, problems with judgement, memory difficulties, and dementia." Dr. Maggiano further stated "[i]t is my opinion, to a reasonable degree of medical certainty, that the cause of Mr. Lasko's death was his dementia, which occurred as a result of his traumatic head injury while employed [by appellant] in 1968."
 {¶ 7} In support of appellant's position, Dr. Marc D. Winkelman ("Dr. Winkelman") sent a letter on March 28, 2001, addressed to appellant's attorney. Dr. Winkelman, a physician in the department of neurology at MetroHealth Medical Center in Cleveland, Ohio, as well as an associate professor of neurology at Case Western Reserve University, School of Medicine, ("CWRU") agreed with Dr. Cervantes, who filled out Mr. Lasko's death certificate, ascribing the cause of death to cardiorespiratory arrest, due to end-stage dementia. Pursuant to his medical report and attached to his March 13, 2002 affidavit, Dr. Winkelman stated that "[t]he allowed conditions in the claim include `dementia moderate.' That refers to post-traumatic dementia, but Mr. Lasko did not die of moderate dementia; he died of advanced dementia. Advanced dementia is not an allowed condition in the claim. It was not caused by the 1968 head trauma but by Alzheimer's disease. Thus, it is my opinion, to a reasonable degree of medical certainty, that Mr. Lasko did not die as the direct and proximate result of any of the allowed conditions in his [w]orker's [c]ompensation claim."
 {¶ 8} Appellant also obtained the opinion of Dr. David S. Geldmacher ("Dr. Geldmacher"). Dr. Geldmacher, Clinical Director of University Memory and Aging Center at University Hospitals of Cleveland and an associate professor of neurology at CWRU, opined that Mr. Lasko died from the effects of a progressive degenerative dementia consistent with Alzheimer's disease. According to Dr. Geldmacher's March 6, 2002 letter addressed to appellant's attorney and attached to his March 13, 2002 affidavit, Dr. Geldmacher stated that "[i]t is also my considered opinion, with a reasonable degree of medical certainty, that the injuries of 1968 did not cause the progressive degenerative condition Mr. Lasko experienced during the 1990s and were not a contributor to his death. In conclusion, Mr. Lasko did not die as a result of the `dementia, moderate' that was allowed as part of his worker's compensation claim."
 {¶ 9} On September 13, 2002, the trial court granted appellee's motion for summary judgment, determining that appellee was entitled to participate in the workers' compensation system and receive death benefits due to the death of her husband from injuries he sustained while employed by appellant. It is from that entry that appellant filed a timely notice of appeal on October 15, 2002.
 {¶ 10} Appellant does not specifically set forth its assignment of error pursuant to App.R. 16(A)(3) and Loc.R. 12(C)(4) of the Eleventh District Court of Appeals. Nevertheless, in the interest of justice, because it appears from appellant's brief that it claims as error the trial court's entry of summary judgment in favor of appellee, we will conduct a de novo review. However, this judgment is strictly limited to the facts and circumstances of this case and is of no precedential value for future cases.
 {¶ 11} Appellee filed a motion for summary judgment based upon the theories of collateral estoppel and res judicata. Appellant contends that appellee improperly alleged that prior orders of the Industrial Commission, which granted permanent total disability and nursing home care, were actually orders further allowing the claim for "progressive dementia," and that appellant was, therefore, barred from relitigating that issue. Appellant argues that collateral estoppel and res judicata are inapplicable under this fact situation. We disagree.
 {¶ 12} In order for a summary judgment to be granted, the moving party must prove: "* * * (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made."Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, 385.
 {¶ 13} The Supreme Court stated in Dresher v. Burt (1996),75 Ohio St.3d 280, 296, that: "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion,and identifying those portions of the record which demonstrate theabsence of a genuine issue of fact on a material element of the nonmovingparty's claim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. * * *" (Emphasis sic.)
 {¶ 14} If the moving party satisfies this burden, then the nonmoving party has the burden pursuant to Civ.R. 56(E) to provide evidence demonstrating a genuine issue of material fact. If the nonmoving party does not satisfy this burden, then summary judgment is appropriate. Civ.R. 56(E). Appellate courts review a trial court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. The Brown court stated that "we review the judgment independently and without deference to the trial court's determination." Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v. Leadworks Corp.
(1992), 79 Ohio App.3d 735, 741. Furthermore, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
 {¶ 15} "The doctrines of res judicata and collateral estoppel are applicable to quasi-judicial decisions of administrative agencies." (Emphasis sic.) Gilbert v. Trumbull County Bd. of Educ. (Sept. 30, 1993), 11th Dist. No. 92-T-4761, 1993 Ohio App. LEXIS 4813, at 4, citingScott v. East Cleveland (1984), 16 Ohio App.3d 429, 432. State ex rel.Brookpark Entertainment, Inc. v. Cuyahoga Cty. Bd. of Elections (1991),60 Ohio St.3d 44, 46 states: "Collateral estoppel, an aspect of resjudicata, prevents a question that has been actually and necessarily determined by a court of competent jurisdiction in a first cause of action from being relitigated between the same parties or their privies in a second, different cause of action. Goodson v. McDonough PowerEquip., Inc. (1983), 2 Ohio St.3d 193, 195 * * *." (Parallel citations omitted.)
 {¶ 16} Theories of res judicata are used to prevent relitigation of issues already decided by a court or matters that should have been brought as part of a previous action. "[A] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claims arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. Bd. of Zoning Appeals (1995),73 Ohio St.3d 379, 382. Res judicata "applies to extinguish a claim by the plaintiff against the defendant even though plaintiff is prepared inthe second action (1) [t]o present evidence or theories of the case notpresented in the first action, or (2) [t]o seek remedies or forms ofrelief not demanded in the first action." (Emphasis sic.) Id. at 383.
 {¶ 17} Industrial Commission administrative appeals are governed by the Ohio Revised Code. R.C. 4123.511(E) states, in pertinent part, that "[u]pon the filing of a timely appeal of the order of the staff hearing officer issued under division (D) of this section, the commission or a designated staff hearing officer, on behalf of the commission, shall determine whether the commission will hear the appeal. * * * If the commission or the designated staff hearing officer determines not to hear the appeal, within fourteen days after the filing of the notice of appeal, the commission or the designated staff hearing officer shall issue an order to that effect and notify the parties and their respective representatives in writing of that order. * * * [A]ny party may appeal an order issued under this division to the court pursuant to section 4123.512
of the Revised Code within sixty days after receipt of the order, subject to the limitations contained in that section."
 {¶ 18} R.C. 4123.512(A) provides in pertinent part that "[t]he claimant or the employer may appeal an order of the industrial commission made under division (E) of section 4123.511 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas of the county in which the injury was inflicted * * *."
 {¶ 19} In the case at bar, appellant admits that Mr. Lasko's claim was amended by order of the Industrial Commission, pursuant to the August 24, 1993 hearing, to include the condition of "dementia, moderate." Appellant had the right to appeal that order, pursuant to R.C. 4123.511
and R.C. 4123.512, but did not do so. Appellant also admits that Mr. Lasko's claim for permanent total disability was granted by order of the Industrial Commission, which became effective on November 5, 1993. On March 26, 1999, by order of the Industrial Commission, complete nursing home care was granted for Mr. Lasko's deteriorating dementia. On April 22, 1999, appellant appealed that order to the commission, pursuant to R.C. 4123.511, which was refused. Appellant admits that it did not file any further appeal to seek judicial review of that order, pursuant to R.C. 4123.512. Therefore, appellant's decision to forego its right to a judicial review constitutes an acceptance by appellant of the finality of the Industrial Commission's order. Thus, based on the theories of collateral estoppel and res judicata, appellant cannot relitigate this issue after Mr. Lasko's death.
 {¶ 20} It is critical to note that at the Industrial Commission hearing on March 26, 1999, appellant presented the reports of Dr. Winkelman and Dr. Thomas P. Swales ("Dr. Swales") of MetroHealth. Both doctors opined that post-traumatic dementia is static in nature and would not deteriorate after the initial trauma. However, the Industrial Commission rejected those medical opinions and instead agreed with Dr. Maggiano, who began to provide care and treatment for Mr. Lasko in October 1996. The Industrial Commission agreed with Dr. Maggiano that the cause of Mr. Lasko's death was his dementia, which occurred as a result of his traumatic head injury while employed by appellant in 1968.
 {¶ 21} On April 2, 2001, a hearing was held before a district hearing officer, which resulted in the issuance of an order granting death benefits to appellee. The hearing officer's order stated that "[i]t is the finding of the [d]istrict [h]earing [o]fficer that the decedent's death was related to the injury and the allowed conditions of this claim. The [h]earing [o]fficer has relied upon the death certificate signed by Dr. Cervantes and the [March 28, 2001] report of Dr. Maggiano, the claimant's former physician of record." When appellant's appeal was refused by a staff hearing officer on May 25, 2001, appellant appealed to the Trumbull County Court of Common Pleas on August 15, 2001.
 {¶ 22} Pursuant to the September 13, 2002 judgment entry, although the trial court came to the right conclusion, it incorrectly applied the doctrines of res judicata and collateral estoppel by not focusing on the March 26, 1999 Industrial Commission order granting twenty-four hour a day nursing home care to Mr. Lasko due to his deteriorating dementia. Based on that order, the staff hearing officer determined that Mr. Lasko's death was directly related to the March 28, 1968 industrial injury and the resultant conditions from that work related accident. As such, no other reason was given that Mr. Lasko died from any other cause of death. The staff hearing officer considered the February 10, 1999 opinion of Dr. Swales that Mr. Lasko is in need of complete nursing home care due to dementia, but that the dementia Mr. Lasko suffers from is not the same as the allowed condition. However, that order stated that "[t]he [s]taff [h]earing [o]fficer has evaluated this new evidence and finds it to be unpersuasive as to causal relation between the need for treatment and the injury herein." Thus, collateral estoppel and res judicata properly apply to the March 26, 1999 Industrial Commission order.
 {¶ 23} Here, the act is to be liberally construed in favor of the claimant regarding "deteriorating dementia" as opposed to "progressive dementia." According to The American Heritage Dictionary, dementia is defined as a "[d]eterioration of intellectual faculties, such as memory, concentration, and judgment, resulting from an organic disease or a disorder of the brain." Progressive means "[t]ending to become more severe or wider in scope." Deteriorating is defined as "[t]o grow worse; degenerate." Therefore, based on these definitions, "progressive dementia" and "deteriorating dementia" are similar in their meaning.
 {¶ 24} Overall, we agree with the trial court's judgment entry, granting summary judgment in favor of appellee, which determined that "[appellant] had ample opportunity to appeal any and all orders and decisions made in this action. [Appellant] had the opportunity to present testimony and expert opinions regarding [appellee's] and [Mr. Lasko's] claims. All claims were granted and determined to be job related by the [c]ommission including awarding [appellee] death benefits. The [c]ommission obviously agreed with the evidence presented to them that Mr. Lasko's dementia and his death was job related and he was therefore entitled to all the benefits he and his wife requested." As such, appellant cannot relitigate the present action since it was decided in a prior administrative proceeding, pursuant to Gilbert, Brookpark, andGrava, supra. Therefore, based on Mootispaw, supra, it was proper for the trial court to conclude that summary judgment was appropriate. Thus, appellant's assignment of error is without merit.
 {¶ 25} For the foregoing reasons, appellant's assignment of error is not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed.
JUDITH A. CHRISTLEY, J., and DIANE V. GRENDELL, J., concur.