[Cite as *Witschger v. E.I. DuPont De Nemours & Co.*, 2014-Ohio-1912.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| DONALD L. WITSCHGER, | : | APPEAL NO. C-130536 |
| | | TRIAL NO. A-1202598 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| E. I. DUPONT DE NEMOURS AND COMPANY, | : | |
| | : | |
| and | : | |
| | : | |
| STEPHEN BUEHRER, ADMINISTRATOR, OHIO BUREAU OF WORKERS' COMPENSATION, | : | |
| Defendant-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: May 7, 2014

*O'Connor, Acciani, and Levy Co., L.P.A.*, and *Ronald T. Bella* for Plaintiff-Appellant,

*Vorys, Sater, Semour, and Pease L.L.P.* and *Andrew M. Kaplan* for Defendant-Appellee E. I. DuPont De Nemours and Company.

*Mike DeWine*, Ohio Attorney General, and *Steven P. Fixler*, Assistant Attorney General, for Defendant-Appellee Stephen Buehrer, Administrator, Ohio Bureau of Workers' Compensation.

Please note: this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}     Plaintiff-appellant Donald Witschger appeals from the trial court's entry granting summary judgment to defendant-appellee E. I. DuPont De Nemours and Company ("DuPont") on his complaint seeking participation in the workers' compensation system for a left shoulder injury on May 5, 2008.  We disagree with the trial court's conclusion that Witschger's claim was barred by the doctrine of election of remedies.  We hold, however, that because Witschger was already participating in the workers' compensation fund for this very same injury with a different employer, Troy Electric, the doctrine of collateral estoppel precludes his workers' compensation claim against DuPont.  We, therefore, affirm the trial court's decision granting summary judgment to DuPont on this separate basis.

### Witschger's Workers' Compensation Claims

{¶2}     Witschger sustained a work-related injury to his left shoulder on May 5, 2008.   On February 11, 2010, he filed a workers' compensation claim against DuPont. DuPont defended the claim by arguing that Troy Electric had been Witschger's employer at the time of his injury.  As a result, Witschger filed a separate workers' compensation claim against Troy Electric for the same shoulder injury on May 4, 2010.

{¶3}     The Industrial Commission allowed Witschger's claim for workers' compensation benefits against Troy Electric, awarding him permanent-partial disability compensation.  It denied Witschger's claim against DuPont, finding that he was not an employee of DuPont at the time of his injury on May 5, 2008.   The Industrial Commission's decision allowing Witschger's claim against Troy Electric has not been appealed to the common pleas court.

{¶4}     On October 1, 2010, Witschger appealed the denial of his claim against DuPont to the common pleas court.  He dismissed the appeal without prejudice and re-

2

filed it on April 4, 2012. Shortly thereafter, DuPont moved for summary judgment. It argued that Witschger's claim was barred by the doctrine of election of remedies. The trial court agreed and granted summary judgment to DuPont.

### Summary Judgment

{¶5} On appeal, Witschger raises a single assignment of error, in which he argues that the trial court erred in granting summary judgment to DuPont.

{¶6} We review de novo a trial court's grant of summary judgment under Civ.R. 56. *See Fisher v. Archdiocese of Cincinnati*, 1st Dist. Hamilton No. C-130295, 2014-Ohio-944, ¶ 16. Under Civ.R. 56(C), summary judgment is appropriate when no genuine issues of material fact remain, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party. *Id*.

### Election of Remedies Does Not Apply

{¶7} Witschger argues the trial court erred in granting summary judgment to DuPont on the basis that his workers' compensation claim was barred by the doctrine of election of remedies. We agree.

{¶8} The doctrine of election of remedies applies when there is "(1) the existence of two or more remedies; (2) the inconsistency of such remedies; and (3) a choice of them." (Citations omitted.) *Saunders v. Holzer Hosp. Found.*, 4th Dist. Gallia No. 08CA11, 2009-Ohio-2112, ¶ 19, quoting *Davis v. Rockwell Internatl. Corp.*, 596 F.Supp. 780, 787 (N.D.Ohio 1984).

{¶9} Ohio courts have applied the doctrine in workers' compensation cases "when an employee accepts benefits but later brings an action against an employer

3

alleging negligence." *Id.* at ¶ 18-23; *see Mitchell v. Internatl. Flavors & Fragrances, Inc.*, 179 Ohio App.3d 365, 2008-Ohio-3697, 902 N.E.2d 37, ¶ 12-30 (1st Dist.).

{¶10} They have also applied the doctrine where employees have sustained two separate injuries and have the opportunity to elect administratively how to pursue their right to participate in the workers' compensation fund for the second injury—either as a continuation of a prior claim or as a new claim. *See Childers v. Union Fork & Hoe Co.*, 10th Dist. Franklin No. 94APE07-1036, 1995 Ohio App. LEXIS 568, *8-11 (Feb. 16, 1995); *Clifton v. Jeep Corp.*, 6th Dist. Lucas No. L-90-081, 1991 Ohio App. LEXIS 494, *4 (Feb. 8, 1991); *McCahan v. Whirlpool Corp.*, 3rd Dist. Hancock No. 5-85-11, 1986 Ohio App. LEXIS 8185, *6-7 (Aug. 29, 1986).

{¶11} After reviewing these cases, we agree with Witschger that they are factually distinguishable. Here, Witschger pursued one remedy: a right to participate in the workers' compensation fund against a single employer for his May 5, 2008 shoulder injury. *See* R.C. 4123.01 (providing for the allowance of an injured workers' claim against a single employer). When DuPont defended Witschger's claim for benefits on the basis that it was not his employer, Witschger filed a second claim against Troy Electric. He was seeking the same remedy in each claim, the right to participate in the workers' compensation system, just against two different parties. Thus, under Ohio law we cannot conclude that the election of remedies barred Witschger's claim against DuPont.

### Collateral Estoppel Applies

{¶12} We hold, however, that the grant of summary judgment to DuPont was appropriate on a separate basis. In the cases cited by DuPont, the appellate courts held that, in addition to be being barred by the doctrine of election of remedies, the workers'

4

claims for compensation were also barred by the doctrine of collateral estoppel. *See Childers* at *9*; *Clifton* at *4*; *McCahan* at *6-7*.

{¶13}    Collateral estoppel precludes the relitigation, i.e. a separate litigation, of an earlier issue that has been "actually and necessarily litigated and determined in a prior action which was based on a different cause of action." *Goodson v. McDonough Power Equip. Inc.,* 2 Ohio St.3d 193, 443 N.E.2d 978 (1983).

{¶14}    Collateral estoppel applies when (1) the party against whom estoppel is sought was a party or in privity with a party to the prior action; (2) there was a final judgment on the merits in the case after a full and fair opportunity to litigate the issue; (3) the issue was admitted or actually tried and decided and necessary to that final judgment; and (4) the issue decided in the prior action is identical to the issue in the pending suit. *Mitchell*, 179 Ohio App.3d 365, 2008-Ohio-3697, 902 N.E.2d 37, at ¶ 14. Issues are identical where they rest upon the same facts and are supported by the same proof. *Monahan v. Eagle Pichers Industries, Inc.*, 21 Ohio App.3d 179, 181, 486 N.E.2d 1165 (1st Dist.1984).

{¶15}    Witschger was a party to both workers' compensation claims. Witschger's claim against Troy Electric has been litigated to a final judgment from which no appeal has been taken. *See Scott v. East Cleveland*, 16 Ohio App.3d 429, 431, 476 N.E.2d 710 (8th Dist.1984) (holding that final determinations in the context of collateral estoppel include "quasi-judicial decisions made by administrative agencies from which no appeal has been taken"). The only way that Witschger could obtain benefits under the workers' compensation system against DuPont was to show that DuPont was his employer at the time of his injury.

{¶16}    The Industrial Commission, however, has already determined that Troy Electric was his employer at the time of his injury and has granted Witschger the right to

participate in the system as Troy Electric's employee. Thus, the doctrine of collateral estoppel precludes Witschger from "relitigating" the issue of the identity of his employer. Consequently, DuPont was entitled to summary judgment on this basis. We overrule Witschger's sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**HENDON, P.J,** and **DINKELACKER, J.,** concur.

Please note:
The court has recorded its own entry this date.